In this suit plaintiff seeks to compel the School Board of Jackson Parish to reinstate him as school bus operator from which position he was dismissed by the Board on August 2, 1945, and to recover salary he would have earned had he not been dismissed. He had been employed by the Board since September, 1937, and had uniformly rendered satisfactory service to it. He alleges that he was dismissed without any charges having been preferred against him in violation of law, especially Act No. 185 of 1944, Section 2248, of Dart's Revised Statutes. He attacks as illegal, null and void the action of the Board whereby, according to its contentions, the route over which plaintiff operated his bus was consolidated with other routes.
Defendant pleads that plaintiff had, in effect, resigned the position of bus operator in April, 1945, when, at that time, in anticipation of early induction into the armed services of his country, he sold his school bus and authorized the purchaser to operate it on his route. In the alternative, defendant pleads that it was found necessary by the Board from a financial standpoint and otherwise, to consolidate plaintiff's route with two other bus routes, which was done, thereby reducing operators from three to two; and justifies its action in not employing plaintiff to operate one of the newly created routes.
The lower court sustained defendant's contention and rejected plaintiff's demands. He appealed.
Plaintiff was not inducted into the military service. Immediately prior to the date fixed for his induction, the War Department adopted a regulation to the effect that men of his age (over thirty), whose employment was essential to the conduct and prosecution of the war, were eligible for deferment. Plaintiff was not so engaged but was allowed time by his local draft board to procure that character of employment. He did so on June 9, 1945, and was so employed when this suit was filed.
In April, 1945, believing that he would very soon be inducted, plaintiff sold his bus to another man who operated it on plaintiff's route until school closed in June. It was on the above related facts that the School Board concluded that plaintiff had, in effect, resigned his position. But plaintiff very soon after knowing that he would not be inducted, busied himself toward regaining the position he had given up and informed the Superintendent and the member of the School Board of his ward that he was ready and willing to resume his duties as operator, and desired to do so.
It so happened that in June, 1945, the defendant for obvious financial and other reasons, gave attention to the matter of consolidation and discontinuance of several of the bus routes of the parish. At a regular session of the Board on June 7th a resolution was passed by it wherein many changes in bus routes were adopted that entailed consolidation of routes or parts of routes in some instances and discontinuance in others. This resolution was amended and revised in some respects by another that was adopted at a regular session of the Board on July 5th. One of the effects of the resolutions was to merge or consolidate plaintiff's route and two others in the same vicinity so as to require only two operators, whereas prior thereto three operators were employed. This action accomplished an annual saving to the Board of nearly One Thousand ($1,000) Dollars. In the resolution of July 5th, it is said:
"Route No. 17 operated by Mr. N.C. Crowell will be discontinued and Mr. N.C. Crowell will be dismissed and this route will be consolidated with Route No. 12 operated by Mr. S.H. Dozier."
The Board evidently decided that because of the uncertainty as to whether plaintiff's action in disposing of his bus and acquiring employment to escape military service was equivalent to resignation, in order to set the matter at rest it should dismiss him.
[1, 2] Under the School Bus Operators' Tenure Act, Act No. 185 of 1944, plaintiff acquired the status of a "regular and permanent" bus operator, having been in the employ of the School Board for the *Page 83 
1944-1945 session and having satisfactorily served in that capacity for more than three years prior to that law coming into effect. Except for the reason for which plaintiff was actually relieved of his duties as operator he could have been dismissed only as the result of specific charges against him, followed by trial by the Board. But this law very wisely and prudently confers upon the School Boards of the State the right, power and authority to abolish, discontinue and consolidate school bus routes, and if by doing so it is necessary to dismiss or discharge one or more operators it has the unquestioned right to do so. On this subject the Act reads as follows:
"* * * Be it further enacted that an additional ground for the removal from office of any permanent School Bus Operator shall be the abolition, discontinuance or consolidation of the route he serves, but then only if it is found as a fact, after a hearing by the School Board of said Parish, that it is for the best interest of the school system to abolish, discontinue or consolidate the route served by the School Bus Operator sought to be discharged * * *."
Plaintiff had notice of the contemplated action of the Board on these referred to resolutions and was present when they were adopted.
[3] In the present case the resolutions of the School Board fully set out the reasons for its action. It found prior thereto that it was to the interest of the Board, the parish and to the people living on the three routes involved, that the action taken by it was not only warranted, but, in a measure, imperative. The Board was then called upon to decide which of the three operators it should dismiss and, since plaintiff had disposed of his equipment and, to escape induction into the armed service, had procured gainful employment of a character essential to the conduct of the war, it evidently decided that the better course was not to continue him in its service. Its right and authority to so do is not open to debate.
Other questions and issues have been injected into the case that need not be passed on.
Regardless of the effect plaintiff's eligibility for military service had in the matter, it is certain under the plan of consolidation one operator was in line for elimination. This situation would have arisen even though plaintiff had not disposed of his bus and had not procured employment of the character above mentioned.
[4] The Board's action in employing the man to whom plaintiff sold his bus to operate one of the two newly established routes, he not being protected by tenure, is criticized and complained of by plaintiff. School Boards have almost plenary power and authority in school matters and educational affairs of their respective parishes and the law maker has given them wide range of discretion as concerns said matters and affairs. Courts, perforce, should be and are reluctant to interfere in matters of the kind unless to prevent material injury or gross injustice due to clearly unwarranted and indefensible discriminatory action on the part of a Board. This case certainly tenders no such action on the Board's part. Its conduct throughout appears to have been in the utmost good faith. The lower court so found and held.
[5] The right of plaintiff to demand reinstatement as bus operator under the Selective Training and Service Act of 1940, § 8, 50 U.S.C.A.Appendix, § 308, though not raised in his petition, was passed on by, the lower court. It is discussed to a limited extent in his brief in this court. The trial judge ruled that this law has no application to employees of the State or of any political subdivision thereof, even though actual induction into the military service had occurred. This ruling is obviously correct. Such employees are, in effect, excluded from the provisions of this act.
The learned trial judge lives in Jackson Parish. He doubtless is well acquainted with the school bus routes involved herein. He found as a fact that there was actual consolidation of such character to require dismissal of one of the operators. We are favored with lengthy written reasons for his judgment. We are sure he decided the issue correctly and hereby affirm the judgment appealed from, with costs. *Page 84