ELLIS, Judge.
Mrs. Conrad C. Weisgerber was a permanent school bus driver, with tenure, for the East Baton Rouge School Board. This Board, acting upon the recommendation of the State Department of Education, adopted regulations pertaining to school bus operators who had attained the age of 60 years. These regulations are contained in a hand book which was introduced in this record. On July 29, 1954, the Parish School Board adopted the requirement that all school bus operators who had reached the age of 60 years would be required to submit to two annual examinations by the physician employed for such purpose by the Board. Mrs. Weisgerber, having reached the age of 62 years, was notified in writing to submit to an examination by this physician, and was examined by him on three separate occasions, August 5, August 6, and August 23. The physician found Mrs. Weisgerber physically unfit to perform her duties and reported this finding to the officer in charge of the school bus system. She was then called to the office of the acting Superintendent, notified of the Doctor’s report, and her resignation was requested. She refused to resign, and this Superintendent recommended to the School Board that she be discharged. She was notified by writing, that a hearing would be held on October 14, 1954, and she was personally present and represented by counsel. At this hearing the School Board adopted a resolution discharging her. On October 24, 1954, Mrs. Weisgerber obtained a writ ordering the School Board to reinstate her to her former position. This rule was heard November 8, 1954, and after hearing the evidence the lower court recalled the writ and dismissed plaintiff’s suit.
This appeal was taken.
The appellant maintains she was illegally discharged; that the School Board is without authority to establish any standard of physical fitness for permanent bus drivers; that she is not physically disabled to perform her duties; that the actions of the School Board were arbitrary and discriminatory.
The School Board contends it has the right to make any and all reasonable regulations in adopting standards of physical fitness for permanent bus drivers; that she is not physically disabled to perform her duties; that the actions of the School Board were arbitrary and discriminatory.
The School Board contends it has the right to make any and all reasonable regulations in adopting standards of physical fitness for school bus operators; that such adoption is purely discretionary, and that this discretion was not abused; that in the interest of the safety and welfare of school children who are transported upon school busses, it has the right and authority to legally set up standards of physical fitness for the bus operators.
*473 The plaintiff bases her claims upon the LSA-Revised Statutes 17:493 and 17:494. These read:
“A permanent school bus operator shall not be removed from his position except upon written and signed charges of wilful neglect of duty, or incompetence, or immorality, or drunkenness while on duty, or physical disability to perform his duties, or failure to keep his transfer equipment in safe, comfortable and practical operating condition, and then only if found guilty after a hearing by the school board of that parish in which the school bus operator is employed. An additional ground for the removal from office of any permanent school bus operator shall be the abolition, discontinuance or consolidation of the route he serves, but then only if it is found as a fact, after a hearing by the school board of the parish, that it is for the best interests of the school system to abolish, discontinue, or consolidate the route served by the operator sought to be discharged. All hearings hereunder shall be private or public, at the option of the operator. At least fifteen days in advance of the date of the hearing, the school board shall furnish the operator sought to be discharged a copy of the written grounds on which removal or discharge is sought. The operator shall have the right to appear in his own behalf and with counsel of his selection, and be heard by the board at the hearing. Nothing herein shall impair the right of the parties to appeal to a court of competent jurisdiction.”
“Nothing contained in the Revised Statutes of Louisiana shall be construed as conferring upon any parish school board the authority to make rules and regulations which may impair and nullify the provisions of this Sub-part.”
In answer to this contention the defendant cites LSA-Revised Statutes 17:81, which provides:
“ * * * Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the Louisiana State Board of Education, as it may deem proper.”
The physician who examined the plaintiff found she was suffering from nervousness, an enlarged heart and very high blood pressure. He testified that her physical condition was such that he would not recommend her to be a school bus driver; that to retain her as a bus operator would not be conducive to the best interest of the school children and their safety in being transported. He also stated positively that as a result of his examinations he felt the School Board would be assuming a risk to the safety of the children who rode on the bus plaintiff operated.
One of the plaintiff’s own expert witnesses testified he did not think she was an ideal person, due to her physical condition, to operate a school bus.
The lower court evidently based his decision upon a finding that Mrs. Weisgerber was physically unfit to perform her duties. The sole question then is whether a school board can set up a standard of physical fitness for school bus operators.
In Crowell v. Jackson Parish School Board, La.App., 28 So.2d 81, at page 83, the Court used the language following:
“The Board’s action in employing the man to whom plaintiff sold his bus to operate one of the two newly established routes, he not being protected by tenure, is criticized and complained of by plaintiff. School Boards have almost plenary power and authority in school matters and educational affairs of their respective parishes and the law maker has given them wide range of discretion as concerns said matters and affairs. Courts, perforce, should be and are reluctant to interfere in matters of the kind unless to prevent material injury or gross injustice due to clearly unwarranted and indefensible *474 discriminatory action on the part of a Board. * * * ”
In Hill v. DeSoto Parish School Board, 177 La. 329, 148 So. 248, at page 250, is found :
“The discretionary powers vested by law in these boards as public bodies, as state agencies, will not be interfered with by the courts unless exercised in a manifestly arbitrary, unreasonable, or fraudulent manner.”
Under the discretion given by law to school boards they clearly have the authority to adopt regulations requiring all drivers who' have attained 60 years of age to submit to a physical examination, and if such drivers, as a result of such an examination, are found physically unfit to perform their duties, it has the right to discharge them. The plaintiff was discharged, not because of any moral turpitude, but because she was, after competent medical examination, considered to be physically unfit to operate a school bus, as her physical impairment would possibly jeopardize the safe transportation of school children. We do not find the Board to have acted arbitrarily, unreasonably or fraudulently.
The judgment of the lower court is affirmed.