Dear Mr. Fanning:
You requested an opinion of this office on behalf of and as authorized by the Jefferson Parish School Board ("Board"), concerning the Board's obligation to provide free transportation to: (a) students attending magnet schools; and (b) the so-called "students on permits" who attend schools outside their attendance zones with the permission of the Board. We understand your issue to be whether a school board must provide, not whether it has the discretion to provide, free transportation to these two classes of students. You also seek a clarification reconciling the apparently differing views expressed by this office in Opinion Nos. 03-278 and 81-906, and a confirmation that Opinion No. 81-906 addresses the latter issue.
In connection with the magnet school students, you state that all schools in Jefferson Parish have a gifted and talented program, but the magnet schools have a more intense curriculum than the gifted and talented program. These magnet schools are established for all three levels of students in the system (i.e., elementary, middle, and high school) and are open to "all school age children in the parish who meet the educational requirements of the schools." We understand that the Board's policy is that any student who meets the requirements of a magnet school is entitled to attend that school without any kind of special permission from the Board.
You advise that the second class of students, i.e., the "students on permits," attend schools outside their regular school "neighborhood boundaries" at the request of their parents, usually for the convenience of the students and/or parents. It appears that the Board must grant special permission on a case-by-case basis for these students to attend a school other than the one in their attendance zone to which they would have otherwise been assigned.
No statute or case law directly addresses the issues you have raised. La. R.S. 17:158 governs a school board's transportation obligation and provides that "[. . .] each parish and city school board shall provide free transportation for any student attending a school of suitable grade approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school." The concept of free education in Louisiana includes as a primary element the transportation to and from school. Moreau v. Avoyelles ParishSchool Bd., 2004-1613 (La.App. 3 Cir. 3/9/05), 897 So.2d 875,883
However, the manner in which the transportation obligation is discharged is largely left to the board's discretion, as parish and city school boards are vested with broad authority under La. R.S. 17:81. La. R.S. 17:81(C) provides as follows:
 Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or with the regulations of the State Board of Elementary and Secondary Education, as it may deem proper.
In addition to the powers expressly granted by the legislature in La. R.S. 17:81, a school board possesses additional implied powers which are necessary to implement its policies and fulfill its duties. Louisiana Associated General Contractors, Inc. v.Calcasieu Parish School Bd., 586 So.2d 1354, 1361 (La. 1991);St. John the Baptist Parish Ass'n of Educators v. Brown,465 So.2d 674 (La. 1985).[1] Further, a parish school board is authorized to create school districts, and is the governing body of all school districts created by it. See La. R.S. 17:1371 etseq.
This office has construed the above statutes as vesting school boards with the discretion to establish school districts and attendance zones in complying with the transportation obligation under La. R.S. 17:158. Atty. Gen. Opinion No. 82-385 stated that "[t]he requirement to provide transportation to students does not limit the authority of a school board to establish school districts," and "[b]y refusing to transport students to other attendance zones the school board violates no statutory provision." Similarly, Atty. Gen. Op. No. 93-284 concluded that La. R.S. 17:158 "does not create an absolute right on the part of a student to receive transportation to any public school he or she may decide to attend," and that "there is no right on behalf of public school students to be transported to a public school outside the district to which they have been assigned by a school board."
Other, more specific opinions by this office suggest that a school board need not provide free transportation for the convenience of the student or parents, but must provide transportation to any student attending a school that he/she is entitled to attend without any special permission from a school board. Atty. Gen. Op. No. 81-906 addressed a local school board's transportation obligations where schools offered extended day care for the convenience of the parents. That opinion concluded that a local school board, by offering extended day care to accommodate working parents, did not create a concomitant obligation to provide transportation to and from those special programs, especially when parents voluntarily and knowingly executed written waivers of free transportation in return for the extra services. However, that same opinion also concluded that a school board cannot refuse transportation or reimbursement to a student eligible to attend and voluntarily enrolled in a "specialized school," if other conditions of La. R.S. 17:158 are satisfied, reasoning as follows: "If the student is by law eligible to attend the specialized school, his right to attend that institution should not be contingent on whether his parents waive the student's right to transportation or reimbursement."
Neither the request that resulted in Opinion No. 81-906 nor the opinion itself provides any information about the "specialized school." However, the differing conclusions that the opinion reached regarding a school board's transportation obligation toward "specialized school" students and that toward extended day care students suggests that the "specialized school" was an educational program which the student was eligible to attend "by law," and not merely a convenience to parents. The difference in the results reached in that opinion was attributed to the distinction between the right to enroll in a program based solely on eligibility and the need to obtain special permission from the school board to enroll in a program: "[. . .] if the student is by statute, BESE regulation, or local school board regulation entitled to attend a particular institution that student's enrollment at that school should not be dependent on whether or not his parents waive transportation and/or reimbursement for transportation. If the student is entitled to attend that institution only by special permission of BESE or the local board, it is our opinion that if that permission is granted and if the parents waive transportation privileges under R.S. 17:158 then the parents are not entitled to reimbursement for transportation expenses."
As you correctly observe, a later opinion, Opinion No. 03-0278, is seemingly inconsistent with Opinion No. 81-906 discussed above. Opinion No. 03-0278 concluded that a parish school board need not provide transportation to students enrolled in "programs of interest," also referred to as "Academy Programs." These Academy Program students attended programs of interest, held at different high schools within the parish, while at the same time maintaining current active enrollment at the school in their district to attend core curriculum courses.[2] Relying on selected prior opinions on a school board's discretion to deny transportation to students attending schools outside their attendance zones, Opinion No. 03-0278 concluded that the school board had no obligation to provide free transportation to students who choose to attend an academy outside of their attendance zone. Opinion No. 03-0278 did not attempt to distinguish the Academy Programs from the "specialized schools" or reference Opinion No. 81-906 in any other way.
It appears that the magnet school program is more akin to an essential educational service such as the "specialized schools" than to a non-educational service such as extended care, for these reasons: admission to the magnet school program is solely based on eligibility; any eligible student is entitled to attend a magnet school without further permission from the school board; the magnet school program is not a service offered for the convenience of the parents; it is central to the educational services that the school board provides — in fact, it is the
educational service the board provides to those eligible students who are enrolled in the program. For these reasons, it is the opinion of this office that any student who is eligible to attend the magnet school program is also eligible to receive free transportation.
The above conclusion also seems fair in that the magnet school program, by its nature, is offered at the parish level to attract students from all attendance zones. If those eligible students residing within the attendance zone in which a magnet school is located are offered free transportation to that school, but eligible students enrolled in the same magnet school who reside outside the attendance zone are not, it would defeat a school board's purpose of creating a magnet school to attract students residing in other attendance zones.[3] It would also create an undue disadvantage to those magnet school students who reside outside the attendance zone in which the magnet school is located.
We recall Opinion No. 03-0278, to the extent it is inconsistent with Opinion No. 81-906 and this opinion.[4]
You also seek an opinion on whether Opinion No. 81-906 addresses the "students on permits" issue, and whether the Board must provide free transportation to these students. As mentioned above, these students attend a school outside their attendance zone with the board's special permission, which is granted at the discretion of the board. We understand that this arrangement is usually made for the convenience of the child's parents, guardian, or grandparents. As you point out, Opinion No. 81-906 addresses this very issue, and concludes that a school board need not provide free transportation for the convenience of the parents. We find no grounds, factual or legal, that would alter that conclusion, and are of the opinion that the Board has no obligation to provide free transportation to the "students on permits."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________ Uma M. Subramanian Assistant Attorney General
[1] School boards' authority under La. R.S. 17:81(C) has been interpreted by courts to be plenary in nature. In Weisgerber v.East Baton Rouge Parish School Bd., 81 So.2d 471 (La.App. 1 Cir. 1955), the court rejected challenges to a school board's authority under the above-quoted provision to adopt rules on transportation and bus drivers, stating:
 Boards have almost plenary power and authority in school matters and educational affairs of their respective parishes and the law maker has given them wide range of discretion as concerns said matters and affairs. Courts, perforce, should be and are reluctant to interfere in matters of the kind unless to prevent material injury or gross injustice due to clearly unwarranted and indefensible discriminatory action on the part of a Board. [. . .] The discretionary powers vested by law in these boards as public bodies, as state agencies, will not be interfered with by the courts unless exercised in a manifestly arbitrary, unreasonable, or fraudulent manner. Id., at 473-474. [Citations and internal quotation marks omitted.]
[2] Opinion No. 03-0278 and the corresponding opinion request contain no further information regarding the Academy Programs.
[3] "Magnet schools, as generally understood, are public schools designed to promote integration by voluntarily drawing students away from their neighborhoods and private schools through distinctive curricula and high quality." Missouri v.Jenkins, 495 U.S. 33, 40 (1990); NAACP, Jacksonville Branch v.Duval County School, 273 F.3d 960, 964 (11th Cir. 2001). Magnet schools often are created as a means to achieve racial balance and are associated with a desegregation program. See NAACP,supra.
[4] Due to lack of information on the "Academy Programs" at issue in Opinion Nos. 03-0278, it is unclear whether and to what extent it is inconsistent with Opinion No. 81-906 and this opinion.